| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>Defendant(s). | No.: 1:18-cv-01008 BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS<br><br>(Doc. No. 4) |

Plaintiff Raymond Chad Watkins is a pretrial detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2018, the Court ordered Plaintiff to either pay the $400.00 filing fee for this action, or submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, within forty-five (45) days. (Doc. No. 3)

Currently before the Court is Plaintiff's filing entitled, "Petition for Writ of Administrative Mandamus," filed on August 15, 2018. (Doc. No. 4.) Plaintiff asserts that he has on multiple occasions requested a print out of his trust account to submit to the Court, but was told to stop requesting the information. He seeks the issuance of a writ of mandamus, damages, and costs.

The All Writs Act provides that:
(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

1

28 U.S.C. § 1651.  The All Writs Act does not confer original jurisdiction on federal courts.  *Id.*; *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 29 (2002).  Further, even if jurisdiction is properly pled, to the extent that Plaintiff seeks a writ of mandamus under the All Writs Act, such relief should be granted "only in the most critical and exigent circumstances [ ] when" the legal rights at issue are indisputably clear."  *Brown v. Gilmore*, 533 U.S. 1301, 1302 (2001) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (quotations and citations omitted)).

Here, Plaintiff has not made a showing that he is entitled to relief under the All Writs Act.  Plaintiff has stated that he is having problems communicating with jail officials, and difficulties with his grievances seeking to address this issue.  The Court finds that Plaintiff should continue working on obtaining the information necessary to submit his application.  Plaintiff has until September 13, 2018, under the Court's prior order, to pay the filing fee or submit an application to proceed *in forma pauperis*.  Plaintiff is not precluded from seeking an extension of time, supported by good cause, and filed before the deadline passes, if he requires it.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for a writ of mandamus is denied.

IT IS SO ORDERED.

Dated:  **August 21, 2018**       /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE