UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>Defendant(s). | No.: 1:18-cv-01008 BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br>(Doc. No. 1)<br><br>ORDER GRANTING MOTION FOR COPY OF ORIGINAL COMPLAINT<br>(Doc. No. 9)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Raymond Chad Watkins is a pretrial detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed on July 26, 2018. (Doc. No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Discussion**

Plaintiff alleges that he is a pretrial detainee at Tuolumne County Jail. He names as defendants Tuolumne County Jail; Sergeant Roberts, employed at the jail; Deputy Teague, employed at the jail; and unknown officers.

Plaintiff alleges that while at the jail, he was taken down to holding for a search at about 6:30 a.m. on July 23, 2018. He was placed in a holding cell with leg shackles on. Plaintiff was told that he was to be searched next, so the shackles were staying on. Plaintiff stated that he had tripped and hurt his ankle before, and had suffered a minor ankle injury. He hurt his ankle and would like them off as his rights dictate. He stated this three times in front of Defendant Roberts, and Captain Skurtz (who is not named as a defendant), and nothing was done. Plaintiff asserts claims for excessive force and deliberate indifference to his safety.

A pretrial detainee not be subjected to restrictions and/or conditions of confinement that violate an express constitutional guarantee, or that amount to "punishment" under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979) (citations omitted); *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008), *cert. denied*, 555 U.S. 1031 (2008). For an excessive force claim in violation of the Fourteenth Amendment, a pretrial detainee must show that (1) the defendant purposely and knowingly used

force against him; and (2) the force used was objectively unreasonable. *Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2473 (2015). "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Id*. at 2472 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (emphasis in original).

A pretrial detainee may be subject to the conditions of the jail as long as those conditions do not amount to punishment. *Bell*, 441 U.S. at 536-37; *Kingsley*, 135 S. Ct. at 2475 ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citation omitted)). "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate a pretrial detainee's right to be free from punishment." *Hatter v. Dyer*, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing *Block v. Rutherford*, 468 U.S. 576, 584 (1984)).

A pretrial detainee's failure to protect claim also arises under the Fourteenth Amendment and has the following elements: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017).

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. *Kingsley*, 135 S. Ct. at 2473 (citation and internal quotation marks omitted); *Castro*, 833 F.3d at 1071 (citations, internal brackets and internal quotation marks omitted). A plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard. *Castro*, 833 F.3d at 1071. The mere lack of due care is insufficient. *Castro*, 833 F.3d at 1071 (citation and internal quotation marks omitted).

///

In this case, Plaintiff has not alleged facts showing that excessive force was used upon him, according to the standards discussed above. Plaintiff alleges that his shackles were left on while he was in a holding cell because he was going to be searched. There are no allegations showing that the force was objectively unreasonable under the circumstances. Nor has Plaintiff pleaded facts showing any failure to protect him from a threat of harm. Plaintiff alleges that he wanted his shackles removed due to a prior fall and a minor ankle injury. This is not sufficient to show any substantial risk of serious harm, under an objective standard. Nor has Plaintiff shown any injury, or that any defendant made a decision that put Plaintiff at a substantial risk of serious harm.

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983). Plaintiff may not allege claims against sub-department of the County of Tuolumne.

As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**III.     Motion for Copy of Complaint**

In a motion filed September 12, 2018, Plaintiff asserts that the jail would not provide him a copy of his complaint in this case, which he requires to litigate this action. (Doc. No. 9.) Plaintiff seeks a copy of his complaint.

A party, even if proceeding *pro se* or *in forma pauperis*, is not entitled to free copies of

documents from the Court. *E.g.*, *Hullom v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959). The Clerk charges $.50 per page for copies of documents. *See* 28 U.S.C. § 1914(b).

In this case, Plaintiff's original complaint in this action is a six (6) page document. Considering the relatively minimal expense involved and to avoid undue delay in this litigation, the Court will make a one-time exception here and grant Plaintiff's request. In the future, copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope.

**IV. Conclusion**

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. He shall be granted an opportunity to amend his claim to attempt to cure the deficiencies identified above.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a copy of his original complaint (Doc. No. 9) is granted;

2. The Clerk's Office shall send Plaintiff an amended complaint form, and a copy of his original complaint (Doc. No. 1);

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 28, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE