UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>            Plaintiff,<br><br>    v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>            Defendant(s). | No.: 1:18-cv-01008-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. No. 12)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Raymond Chad Watkins is a pretrial detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's amended complaint, filed on October 9, 2018. (Doc. No. 12.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Discussion**

**A.     Summary of Complaint Allegations**

Plaintiff alleges that he is a pretrial detainee at Tuolumne County Jail. He names as defendants Sergeant Roberts, Deputy Teague, and Corporal Shertz, all employed at the jail.

Plaintiff alleges that while at the jail, he got a new cellmate, and the cellmate had contraband. The guards came in early and took both inmates to search. On the way down, Deputy Teague rushed Plaintiff and verbally harassed him. Plaintiff got the chain caught on his toe and tripped as Deputy Teague was dragging him along. Plaintiff would have fallen, but Deputy Teague held his arm. Deputy Teague laughed at Plaintiff and kept going as Plaintiff complained of pain and numbness in his foot.

Plaintiff was placed in a holding cell and his handcuffs were taken off, but the leg shackles were left on. Plaintiff was told that he was to be searched next, so the shackles were

staying on. Plaintiff stated that he had tripped and hurt his ankle, and had suffered a minor ankle injury. He had bruises and a wound. He stated that he hurt his ankle and would like the shackles off as his rights dictate. Plaintiff asked three times. They refused.[1]

**B.     Legal Standards**

A pretrial detainee not be subjected to restrictions and/or conditions of confinement that violate an express constitutional guarantee, or that amount to "punishment" under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979) (citations omitted); *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008), *cert. denied*, 555 U.S. 1031 (2008). For an excessive force claim in violation of the Fourteenth Amendment, a pretrial detainee must show that (1) the defendant purposely and knowingly used force against him; and (2) the force used was objectively unreasonable. *Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2473 (2015). "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Id.* at 2472 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (emphasis in original).

A pretrial detainee may be subject to the conditions of the jail as long as those conditions do not amount to punishment. *Bell*, 441 U.S. at 536-37; *Kingsley*, 135 S. Ct. at 2475 ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citation omitted)). "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate a pretrial detainee's right to be free from punishment." *Hatter v. Dyer*, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing *Block v. Rutherford*, 468 U.S. 576, 584 (1984)).

A pretrial detainee's failure to protect claim also arises under the Fourteenth Amendment and has the following elements: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available

---

[1] Plaintiff's amended complaint includes numerous other allegations concerning unrelated events since 2003, as well as other law enforcement officers and other persons. The Court will not summarize those allegations as they are outside the scope of the claim presented in this action.

3

measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. *Kingsley*, 135 S. Ct. at 2473 (citation and internal quotation marks omitted); *Castro*, 833 F.3d at 1071 (citations, internal brackets and internal quotation marks omitted). A plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard. *Castro*, 833 F.3d at 1071. The mere lack of due care is insufficient. *Castro*, 833 F.3d at 1071 (citation and internal quotation marks omitted).

**C. Analysis**

In this case, Plaintiff asserts a claim based on his leg shackles being left on while he was in a holding cell, and that he was not given medical assistance for a minor ankle injury. His allegations are insufficient to state a claim under the standards explained above.

Plaintiff alleges that his shackles were left on while he was in a holding cell because he was going to be searched. There are no allegations showing that this use of force was objectively unreasonable under the circumstances. Plaintiff pleads as a conclusory allegation that there was no purpose for him to be cuffed while in a locked cell, but this does not show a lack of legitimate safety reasons for the cuffing. In contrast, he alleges facts that his cellmate was found with contraband, that he was taken to a holding cell to be searched, that he his handcuffs were removed for the search, but the ankle restraints were left on based on a stated purpose of doing the search. From these facts, even liberally construed, the Court cannot find any objectively unreasonable use of force due to using leg shackles on Plaintiff under the circumstances.

Nor has Plaintiff pleaded facts showing any failure to protect him from a substantial risk of suffering serious harm. Plaintiff alleges that he wanted his shackles removed due to a prior fall and a minor ankle injury, which apparently developed a bruise and a wound. This is not sufficient to show any substantial risk of serious harm, under an objective standard. There are no

4

facts showing that there was an objectively significant danger of further serious injury or serious pain if left untreated. By Plaintiff's own allegations, the injury was minor.

**III. Conclusion**

For the reasons discussed above, Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies by amendment, and thus further leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 16, 2018__          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE